UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM CABANA,

      Plaintiff,

v.                                                CASE NO.: 8:07-CV-929-T-23MAP

JAMES ZINGALE, *et al.*

      Defendants.
_____/

## **REPORT AND RECOMMENDATION**

The Plaintiff, a sixty-nine year old retiree living in Venice, complains that various state officials violated his constitutional rights by holding him in contempt for failing to pay his alimony, enforcing the contempt order, and collecting his alimony in spite of his meager income. Affronted by the inequity of it all, he brings a § 1983 action against the circuit court judge in Palm Beach County who held him in contempt, the Sheriff of Palm Beach County whose deputy arrested him on the contempt order, the state officials involved in the collection of alimony payments, and the current Clerk of Dade County because that office issued his marriage license in 1961. And he demands all sorts of declaratory relief and adds a $250,000 punitive damage claim. At issue is whether the Plaintiff's rambling, *pro se* complaint meets the minimum demands for *in forma pauperis* status under 28 U.S.C. § 1915 (doc. 2). Finding it does not, I recommend the district judge deny the *in forma pauperis* application and dismiss the complaint.

Section 1915 directs a court, when considering *in forma pauperis* requests, to dismiss the case "at any time if the court determines that … the action or appeal … is frivolous or malicious [or] fails to state a claim on which relief may be granted or seeks monetary relief against a

defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B).[1] A claim is considered frivolous if it lacks an "arguable basis in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). "Arguable" means "capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (dismissing appeal as frivolous). Stated another way, the "realistic chances of ultimate success are slight." *Id.* And a district court's authority to dismiss as frivolous under § 1915(e) is broader that dismissal under FED. R. CIV. P. 12. *Id.*

Against this standard, Plaintiff clearly fails to make out any arguable claim for any kind of relief for several reasons. The core of his complaint is his disagreement with the state court's rulings surrounding his alimony obligations. Hence, the *Rooker-Feldman* doctrine bars federal review.[2] Namely, federal courts, other than the Supreme Court, lack jurisdiction to review the final decisions of state courts. *See Shapiro v. Ingram,* 207 Fed. Appx. 938, 940-41 (11th Cir. 2006) (applying *Rooker-Feldman* test and its factors).[3] Irrespective of *Rooker-Feldman's* application, the circuit judge who held the Plaintiff in contempt is entitled to absolute judicial immunity. *See Sibley v. Lando,* 437 F.3d 1067, 1070 (11th Cir. 2005) (setting out factors for judicial immunity); *Shapiro,* 207 Fed. App. at 940. His claims against the remaining state officials are nonsensical and without any facial legal merit. Aside from all this, the Plaintiff's selected the

---

[1] The specific language states "the court *shall dismiss* the case at any time if the court determines …" *Id.* (emphasis added)

[2] *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).

[3] *Shapiro* likewise involved a plaintiff complaining about state civil contempt proceedings. And like here, Shapiro sued the state court judge under § 1983 about the decisions made in the contempt proceedings. The Eleventh Circuit affirmed the district judge's dismissal of the complaint under *Rooker-Feldman.*

wrong venue to sue.[4]  Because Plaintiff's action is plainly frivolous, it is

    RECOMMENDED:

    1.  That Plaintiff's application to proceed *in forma pauperis* (doc. 2) should be DENIED and the complaint dismissed without prejudice.

    IT IS SO REPORTED at Tampa, Florida on June 5, 2007.

                                                                           MARK A. PIZZO
                                                                          UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

    Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).

cc:    The Honorable Steven D. Merryday
        Plaintiff, pro se

---

[4] Per 28 U.S.C. 1391(b), venue lies in a judicial district where any defendant resides, where the substantial acts giving rise to the claim arose, or the district in which any Defendant may be found, if there is no district in which the action may otherwise be brought.  The general rule in suits against public officials is that a defendant's residence for venue purposes is the district where he performs his official duties.  *Florida Nursing Home Ass. v. Page,* 616 F.2d 1355, 1360 (5th Cir. 1980).  Thus, venue lies in the Southern District.